UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OKANOGAN COUNTY; WILBUR G. HALLAUER and JOSEPHINE P. HALLAUER, husband and wife; THERESA HALLAUER-JOYNES, as her separate estate; JAMES M. LEMA, a single man; and TERESA A. HALLAUER and JAMES M. LEMA as Trustees of the TRUST FOR CHILDREN AND GRANDCHILDREN established under the Last Will and Testament of Merry E. Hallauer,<br><br>        Plaintiffs,<br><br>  vs.<br><br>UNITED STATES OF AMERICA; KEN SALAZAR, in his official capacity as Secretary of the Interior; UNITED STATES DEPARTMENT OF THE INTERIOR; BOB ABBEY, in his official capacity as Director of the Bureau of Land Management; and BUREAU OF LAND MANAGEMENT,<br><br>        Defendants. | NO.  CV-10-166-LRS<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

    BEFORE THE COURT is Defendants' Motion to Dismiss, Ct. Rec. 13, filed October 7, 2010 and noted, without oral argument, on December 14, 2010.

    On May 26, 2010, Okanogan County and six private plaintiffs (the

ORDER - 1

"Hallauer Plaintiffs") filed this action under the Quiet Title Act, 28 U.S.C. § 2409a ("QTA"). Plaintiffs seek to quiet title in Okanogan County against the United States rights-of-way over two roads - the Palmer Mountain Road (also known as the Washburn Lake Road) and the Black Bear Road (also known as the War Eagle Road) - located on Palmer Mountain in Okanogan County, Washington. Compl. ¶ 3.11.

Plaintiffs contend that Okanogan County acquired rights-of-way over these roads pursuant to Revised Statute 2477 and Revised Code of Washington 36.75.080. Plaintiffs assert that the Palmer Mountain Road and the Black Bear Road "have both been extensively used by the public for many decades and are relied upon for access to private properties and for recreational and commerce purposes." Id. ¶ 3.15.

Defendants move for dismissal for several reasons. First and foremost, Defendants argue that the under Fed. R. Civ. P. 12(b)(1), this court lacks subject matter jurisdiction to hear Plaintiffs' claim because the QTA's statute of limitations has run. Specifically, the QTA limits its waiver of sovereign immunity to actions commenced within twelve years of the date a plaintiff knew or should have known of the claim of the United States to the property interest at issue. 28 U.S.C. 2409a(g).[1] Defendants state that Plaintiffs knew or should have known that the United States claimed an interest in the Palmer Mountain Road and the Black Bear Road adverse to Plaintiffs' alleged public rights-of-way prior to May 26, 1998, the applicable date for

---

[1] 28 U.S.C.A. § 2409a(g), providing, further, that such action will be deemed to have accrued on the date the plaintiff or the plaintiff's predecessor in interest knew or should have known of the claim of the United States.

ORDER - 2

purposes of the statute of limitations.

Defendants also argue that in addition to running afoul of the QTA's statute of limitations, the Hallauer Plaintiffs must be dismissed from this action because they do not -- and cannot -- allege a property interest in any of the purported public rights-of-way at issue. Accordingly, they are not proper plaintiffs to bring a QTA claim for a public right-of-way.

Finally, Defendants assert that the complaint should also be dismissed because Plaintiffs fail to satisfy the pleading requirements of the QTA. The QTA requires a plaintiff to "set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States." See 28 U.S.C. § 2409a(d).

Plaintiffs responded on November 15, 2010, collectively conceding that the QTA's twelve year statute of limitations had begun to run in 1996 and that the case should therefore be dismissed. (Ct. Rec. 19 at 3). Plaintiffs, however, state that dismissal of this case pursuant to the statute of limitations, is not a determination on the merits of the claim that the subject roads are Revised Statute 2477 public roads.

The court finds the applicable date for purposes of the QTA's statute of limitations is May 26, 1998. Based on the affidavits and supporting documentation before the court and Plaintiffs' concessions, both Okanogan County and the Hallauer Plaintiffs knew or should have known well before that date that the United States (acting through

ORDER - 3

BLM) claimed an interest adverse to Plaintiffs' alleged public highway rights-of-way.  Therefore, pursuant to Fed. R. Civ. P. 12(b)(1), this court lacks subject matter jurisdiction and plaintiff's claims are hereby dismissed, without considering the merits of this case.

**IT IS ORDERED** that:

1. Defendants' Motion to Dismiss, **Ct. Rec. 13**, filed October 7, 2010 is **GRANTED.**  Plaintiff' claims are hereby dismissed.

2. The District Court Executive is directed to enter judgment consistent with this order.

3. The file shall be **CLOSED** in this matter.

**IT IS SO ORDERED.**   The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 14th day of December, 2010

*s/Lonny R. Suko*

LONNY R. SUKO
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 4